United States Bankruptcy Court
For The
Western District of North Carolina

In Re:                                                          Bankruptcy No: 14-40158
                                                                (Chapter 7)
James William Smr

   Debtor

Langdon M. Cooper, Trustee

In Bankruptcy for James William Smr

   Plaintiff

vs

James William Smr

   Defendant

This is an Answer to the Complaint Attached. Objection to Fact No's: 10, 11, 15, 16, 17, 18, & 20.

Fact 10

The appraisal of the "Ring" was done in-house by retailer and is for insurance purposes (replacement value) not for resale purposes. There is a huge difference which Trustee is aware of. Valuation should be stated by resale appraisal not insurance appraisal. Resale valuation is between ⅓ and ½ of purchase price depending on the actual piece itself along with certified authenticity documents.

Fact 11

Debtor had several conversations via cell phone with Jim Henderson (Debtor's former counsel) on the morning of September 18, 2014 about Counsel's retainer. Counsel told Debtor retainer needed to be paid in cash before the end of business. Debtor informed Counsel Debtor did not have cash for retainer. Counsel then suggested about family "gifting" retainer to Debtor. Debtor told Counsel that wife (at the time) would be willing to "gift" retainer by sale of her Mouwad Bravery Fancy Colored Diamonds Ring. Counsel then stated that would be a non-issue unless wife would happen to file Chapter 7 herself which would then bring this retainer into question.

FILED
U.S. Bankruptcy Court
of NC

OCT 13 2015

Steven T. Salata, Clerk
Charlotte Division

SALE OF THE "RING" DID NOT HAPPEN UNTIL MID-OCTOBER. MONIES WERE ADVANCED TO PAY COUNSEL'S RETAINER WHICH IN TURN WAS PAID BACK ONCE "RING" WAS SOLD. THERE WAS A CONSIDERABLE DELAY OF THE SALE DUE TO DISCREPANCIES WITH "RING" VALUE.

FACT 15

DEBTOR MADE CHAPTER 7 COUNSEL AWARE OF DISPOSITION OF "RING" AS WELL AS DEBTOR'S PUBLIC DEFENDER (STEVEN MOSER). DEBTOR WAS ALWAYS UPFRONT AND FORTHCOMING WITH BOTH OF HIS COUNSEL. JIM HENDERSON ONLY VISITED DEBTOR ONCE ON OR AROUND NOVEMBER 15, 2014. THIS IS WHEN HENDERSON ASKED DEBTOR TO SIGN SCHEDULES TO DEMONSTRATE "GOOD-FAITH" TO CREDITORS THAT DEBTOR WAS NOT TRYING TO HINDER OR DELAY BANKRUPTCY PROCEEDINGS. DEBTOR SIGNED SCHEDULES EVEN THOUGH THEY WERE INCOMPLETE. HENDERSON TOLD DEBTOR THAT SCHEDULES WOULD BE COMPLETED BEFORE SCHEDULED MEETING WITH CREDITORS.

FACT 16

DEBTOR DISCUSSED PROPERTY AS ADVISED BY COUNSEL. GENERAL DESCRIPTION IN BACK ROOM, NO NEED TO LIST ITEM FOR ITEM.

FACT 17

DEBTOR'S TAX RETURNS AND BANK STATEMENTS SUPPORT DEBTOR'S FINANCIAL CONDITION.

FACT 18

DEBTOR FILLED OUT WORKSHEETS PROVIDED BY COUNSEL. DEBTOR HAS YET TO RECEIVE ANY SCHEDULES FROM COUNSEL. DEBTOR HAS REQUESTED COPIES ON MULTIPLE OCCASIONS. COUNSEL WOULD NOT VISIT DEBTOR AT JAIL, WOULD NOT TAKE DEBTOR'S CALLS, AND WOULD NOT RESPOND TO DEBTOR'S LETTERS. DEBTOR'S FAMILY CONTACTED COUNSEL'S ASSISTANT WHICH VERIFIED RECEIPT OF LETTERS.

FACT 19

DEBTOR SIGNED PLEA AGREEMENT MARCH 5, 2015. NUMEROUS ALLEGATIONS CONTAINED IN SUPERSEDING BILL OF INDICTMENT WERE OBJECTED TO IN THE FACTUAL BASIS ENTERED IN COURT.

FIRST CLAIM

Debtor never hindered, delayed, or defrauded any creditor. Everything Debtor owned was at his residence which Trustee and Attorneys inspected.

SECOND CLAIM

Debtor arguably failed to keep proper records. All information was supplied. Debtor was taken into custody on October 27, 2014 to his surprise. This was during the information gathering process.

THIRD CLAIM

Debtor explained disposition of "Ring" to both counsel.

FOURTH CLAIM

Debtor disclosed all property to Trustee. Trustee proceeded to take and sell Debtor's property as well as wife's property. Wife's property is not subject to Debtor's chapter 7 proceedings. Wife is not under a "Notice of Forfeiture".

FIFTH CLAIM

Debtor told both Henderson and Pleue about disposition of "Ring". To clarify, "Ring" was sold mid-October at Tower Jewelers for about $8000. $4000 was used to pay back advance which was needed to pay counsel's retainer. Add the $4000 retainer to the cash that Trustee has from Debtor's property and you have value of "Ring" paid entirely.

Wherefore, the Debtor as Defendant respectfully prays the Court for:

1. That the Court deny the Plaintiff's requests due to the fact that Trustee and Debtor's former counsel are purposely misleading this Court to their own benefit enhanced by the Defendant being detained at the Mecklenburg County Jail.

2. That the Court order complete and accurate Chapter 7 filing.

3. That the Court order Trustee to turn over all property belonging to wife.

4. That the Court deny Trustee to turn over proceeds from sale of wife's

Property which was sold without merit.

This the 1st Day of October, 2015

*[signature]*
James Wilson Sr.
No. #190757
PO Box 34429
Charlotte, NC 28234

B250A (12/09)



# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| In the matter of:<br>James William Staz<br>            Debtor(s)<br><br>Langdon M. Cooper<br>            Plaintiff(s)<br>   v.<br>James William Staz<br>            Defendant(s) | Case No. 14-40458<br><br>Chapter 7<br><br><br>Adv. Proc. No. 15-04014 |

## SUMMONS IN AN ADVERSARY PROCEEDING

**YOU ARE SUMMONED** and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

    Steven T. Salata, Clerk
    U.S. BANKRUPTCY COURT
    401 West Trade Street
    Charlotte, NC 28202

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney:

    Langdon M. Cooper
    Mullen Holland &Cooper, P. A.
    P. O. Box 488
    Gastonia, NC 28053-0488

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

Date of Issuance: 9/11/2015             s/   Steven T. Salata
                                                             *Clerk of the Bankruptcy Court*

Electronically filed and signed

## CERTIFICATION OF SERVICE

I, _____ (name), certify that service of this summons and a copy of the complaint was made on _____ (date) by:

☐ Mail service: Regular, first class United States mail, postage fully pre-paid, addressed to:

☐ Personal service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: (Describe briefly)

☐ State Law: The defendant was served pursuant to the laws of the State of _____, as follows: (Describe briefly)

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.

Date _____    Signature _____
    Print Name : 
    Business Address :

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>**JAMES WILLIAM STAZ**<br><br>Debtor | Bankruptcy No. 14-40458<br>(Chapter 7) |
| **LANGDON M. COOPER, Trustee**<br>**In Bankruptcy for James William Staz**<br><br>Plaintiff,<br><br>vs.<br><br>**JAMES WILLIAM STAZ**<br><br>Defendant | Adversary Proceeding No.<br><br><br>**COMPLAINT**<br>Objecting to Debtor's Discharge and<br>Seeking Turnover of Property |

The Plaintiff, Langdon M. Cooper (the "Plaintiff"), as Trustee in Bankruptcy for the party identified above as Debtor (the "Debtor") by and through counsel, complaining of the Defendant, alleges and says that:

## PARTIES AND JURISDICTION

1. The Plaintiff is a resident of Gaston County, North Carolina and is the duly qualified and presently serving Trustee in Bankruptcy for the Debtor.

2. A voluntary petition under Chapter 7 of the United States Bankruptcy Code (the "Code") was filed by the Debtor on 18 September 2014 in the United States Bankruptcy Court for the Western District of North Carolina (the "Court"). Langdon M. Cooper was subsequently appointed as the Chapter 7 Trustee.

3. The Defendant, James William Staz, is upon information and belief incarcerated and being detained in a North Carolina prison, who in any event resided in the State of North Carolina at all times relevant to the transactions described in this Complaint.

4. This is an adversary proceeding under Fed. R. Bankr. P. 7001(4) related to the above-referenced bankruptcy case now pending before this Court, and in this adversary proceeding, the Plaintiff seeks to have the Court deny the Debtor's discharge

under all applicable provisions of the Code, including 11 U.S.C. § 727. Also, in this adversary proceeding, the Plaintiff seeks turnover of property of the Debtor's bankruptcy estate under Section 542 of the Code.

5. Generally, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334 because this is a proceeding arising under Title 11 (11 U.S.C. § 101 et seq., hereinafter "Title 11") or arising in or related to a case under Title 11, because it involves the enforcement of rights granted by the United States Bankruptcy Code, and because of the Order entered by the Judges of the United States District Court for the Western District of North Carolina on 30 July 1984 (the "Referral Order") pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984 referring to this Court all core proceedings arising under Title 11, or arising in a case under Title 11, and all proceedings that are not core proceedings but that are otherwise related to a case under Title 11.

6. Venue for this adversary proceeding is properly with this Court pursuant to 28 U.S.C. § 1409.

7. Specifically, this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2), and the Referral Order, because this is a core proceeding as defined in 28 U.S.C. § 157(b)(2) in that it concerns claims under 11 U.S.C. §§ 542 and 727. Pursuant to Fed. R. Bankr. P. 7008, the Plaintiff consents to the entry of a dispositive judgment in this adversary proceeding by this Bankruptcy Court.

## FACTS

8. The Debtor's bankruptcy petition was filed on 18 September 2014.

9. The Trustee has until 10 September 2015 to file a complaint objecting to the Debtor's discharge. *See* Docket no. 87.

10. Post-petition the Trustee discovered that the Debtor owned an 18kt. Platinum Michael Beaudry Ring with colored diamonds valued by Diamonds Direct at $88,950 (the "Ring").

11. The Debtor failed to schedule his ownership of the Ring in his bankruptcy petition.

12. On or about 18 September 2014, the day he filed his bankruptcy petition, the Debtor attempted to sell the Ring to Jewelry Buyers.Com, Inc. in San Diego, CA 92101, but the Debtor declined the price offered to him.

13. On or about 22 September 2014 the prospective purchaser, Jewelry Buyers.Com, Inc., returned the Ring to the Debtor.

14. The Trustee has possession of a copy of the signed receipt by the Debtor acknowledging the delivery back to him of the Ring on 22 September 2014 by Federal Express.

15. The Trustee has on multiple occasions demanded that the Debtor turnover the Ring to the Trustee, and the Debtor has both failed to turnover the Ring to the Trustee or the Debtor's counsel, nor has the Debtor disclosed the location and/or disposition of the Ring.

16. The Debtor failed to disclose in his bankruptcy petition all personal property he owned, some of which the Trustee discovered and sold.

17. The Debtor failed to maintain a complete record of his financial condition.

18. The Trustee has no records of the Debtor's financial condition.

19. On 18 November 2014 a Superseding Bill of Indictment was issued by the Grand Jury in the United States District Court in the Western District of North Carolina, case no. 3:14CR199-RJC which, *inter alia*, alleged the Debtor stole approximately $11 million from the clients of the business operated by the Debtor and his father, now deceased.

20. The Debtor pleaded guilty to the allegations contained in the Superseding Bill of Indictment.

## FIRST CLAIM

21. All previous allegations are hereby incorporated by reference.

22. The Debtor, with intend to hinder, delay or defraud his creditors or an officer of the estate charged with custody of property has transferred, removed, destroyed, mutilated or concealed property of the debtor and/or the estate, to-wit, the Ring and other personal property.

23. By virtue of the foregoing, the discharge of the Debtor should be denied pursuant to 11 U.S.C. § 727(a)(2) and/or (4).

## SECOND CLAIM

24. All previous allegations are hereby incorporated by reference.

25. The Debtor has concealed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the Debtor's financial condition or business transactions might be ascertained, and such act or

3

failure to act was not justified under all of the circumstances of the case, to-wit he has failed to provide all documentation requested by the Trustee.

26. By virtue of the foregoing the discharge of the Debtor should be denied pursuant to 11 U.S.C. § 727(a)(3).

### THIRD CLAIM

27. All previous allegations are hereby incorporated by reference.

28. The Debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the Debtor's liabilities, to-wit any secreting, loss or disposition of the Ring.

29. By virtue of the foregoing the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

### FOURTH CLAIM

30. All previous allegations are hereby incorporated by reference.

31. The Debtor knowingly and fraudulently in or in connection with the case made a false oath or account, to-wit, failing to disclose in his petition the Ring and multiple items of personal property discovered by the Trustee.

32. By virtue of the foregoing the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

### FIFTH CLAIM

33. All previous allegations are hereby incorporated by reference.

34. The Trustee demanded turnover of the Ring, which was not disclosed in the petition. To date the Debtor has failed to provide documents disclosing the location or disposition of the Ring, nor has he paid the Trustee the value of the Ring.

35. The Plaintiff is entitled to a turnover and recovery of the Property from the Defendant/Debtor, all pursuant to Section 542 of the Code.

**WHEREFORE**, the Trustee as Plaintiff respectfully prays the Court for the following relief:

1. That the Court enter an Order denying the discharge of the Debtor under the applicable provisions of the Code, including 11 U.S.C. § 727.

2. That the Court order the turnover of the Ring or its value by the Debtor to the Trustee pursuant to Section 542 of the Code.

3. That the Trustee have and recover his costs of this action, including attorneys fees.

4. For such other and further relief as the Court deems just and proper.

This the 9th day of September, 2015.

/s/ Langdon M. Cooper
Langdon M. Cooper
N.C. State Bar No. 936

s/ Jennifer A. Youngs
Jennifer A. Youngs
N.C. State Bar No. 23925

MULLEN HOLLAND & COOPER P. A.
Attorneys for Plaintiff / Trustee
301 South York Street
P.O. Box 488
Gastonia, NC  28053-0488
Telephone: (704) 864-6751
Fax: (704) 861-8394
E-mail:  lcooper@mhc-law.com
E-mail:  jyoungs@mhc-law.com

B104 (FORM 104) (08/07)

# ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

## PLAINTIFFS
Langdon M. Cooper, Trustee in Bankruptcy for James William Staz

## DEFENDANTS
James William Staz

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

Langdon M. Cooper   704-864-6751
Mullen Holland & Cooper P.A., PO Box 488, Gastonia, NC 28053-0488

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ Creditor
- ☒ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Plaintiff seeks to have the Court deny the Debtor's discharge under all applicable provisions of the Code, including 11 U.S.C. § 727. Also, in this adversary proceeding, the Plaintiff seeks turnover of property of the Debtor's bankruptcy estate under Section 542 of the Code.

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☒ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if a jury trial is demanded in complaint

☐ Check if this is asserted to be a class action under FRCP 23
Demand $

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||
|---|---|
| NAME OF DEBTOR<br>James William Staz | BANKRUPTCY CASE NO.<br>14-40458 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western | DIVISION OFFICE<br>Shelby | NAME OF JUDGE<br>Whitley |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| | |
| DATE<br>09/09/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet. CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.